IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE, ) | |
|     Plaintiff, ) | 1:10-cv-2756 |
| ) | |
|     v. ) | |
| ) | |
| REDLINE RECOVERY SERVICES, LLC, ) | |
|     Defendant. ) | |
| ) | |
| ) | JURY DEMANDED |

## COMPLAINT

1. Plaintiff Brianna Greene brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, including implementing regulations and applicable FCC orders ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over the FDCPA and FCRA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is also supplemental jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. Redline Recovery Services, LLC, is a debt collection agency.

**FACTS**

6. Plaintiff is the victim of a mixed credit file with one or more credit bureaus. That means that plaintiff's credit file has been mis-merged with that of another consumer, in this case, a person from Milwaukee named Larquette Green ("Larquette"). See *Apodaca v. Discover Financial Services*, 417 F.Supp.2d 1220 (D.N.M. 2006).

7. Upon information and belief, Larquette opened a Wal-Mart credit account with GE Money Bank, and that account became associated with plaintiff's credit file.

8. Larquette's Wal-Mart card was sent to collections with Redline in 2009. On May 15, 2009, Redline accessed plaintiff's credit report from Experian in association with collection of Larquette's Wal-Mart card.

9. Upon information and belief, based upon Experian's duty pursuant to 15 U.S.C. §1681c-1, Experian provided Redline with notice of the fraud alert in plaintiff's credit file. Similarly, upon information and belief, Experian provided Redline with a notice that the address Redline used was different from the address in the credit report, pursuant to section 1681c(h)((1).

10. Based upon the information in the credit report it received, Redline should have known that Brianna was not the debtor.

11. Despite this, Redline continued to contact Brianna. Redline should have had procedures in place pursuant to section 1681c-1(d)

**COUNT I – TCPA**

12. Plaintiff incorporates all paragraphs of this Complaint.

13. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones. 47 U.S.C. §227(b)(A)(iii).

14. Defendant called plaintiff on her cell phone within four years of the filing of this complaint. Upon information and belief, based upon the general collection practices of the industry and defendsant, defendant used equipment and means proscribed by the TCPA to make such calls.

15. Defendant's violations were negligent. Alternatively and additionally, defendant's violations were willful.

16. Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to defendant's calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

(a) Statutory damages of $500 per call, or up to $1500 per call if defendant's actions are found to have been willful;

(b) A declaration that some or all of Redline's calls to plaintiff violated the TCPA;

(c) An injunction against defendant making calls prohibited by the TCPA to plaintiff;

(d) Costs of suit; and

(b) Any other relief the court finds proper.

**COUNT II – FDCPA**

17. Plaintiff incorporates all previous paragraphs of this complaint.

18. Dunning a non-debtor violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    (a)    Statutory, actual and punitive damages;

    (b)    Attorney's fees and costs of suit; and

    (c)    Any other relief the Court finds proper.

### COUNT III - Invasion of Privacy

19. Plaintiff incorporates all previous paragraphs of this complaint.

20. Redline's calls and contacts to plaintiff were an intentional and unreasonable intrusion upon plaintiff's seclusion.

21. Defendant also otherwise invaded plaintiff's privacy.

22. Plaintiff has suffered damages as a result of this invasion of privacy.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    (a)    Statutory, actual and punitive damages;

    (b)    Attorney's fees and costs of suit; and

    (c)    Any other relief the Court finds proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020

Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff, Larquette Green, the account being collected and any other matters related to the facts alleged in the complaint. These materials are very likely relevant to the litigation of this case. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant make written demand of such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Alexander H. Burke