IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANNA GREENE, ) | |
|     Plaintiff, ) | 1:10-cv-2756 |
| ) | |
|     v. ) | Judge Gettleman |
| ) | |
| REDLINE RECOVERY SERVICES, LLC, ) | Magistrate Judge Cox |
| RESURGENT CAPITAL SERVICES, LP, AND ) | |
| LVNV FUNDING, LLC, ) | |
|     Defendant. ) | JURY DEMANDED |

## AMENDED COMPLAINT

1.    Plaintiff Brianna Greene brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., including implementing regulations and applicable FCC orders ("TCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") and common law invasion of privacy.

2.    Plaintiff is the victim of a mixed credit file, which means that the credit bureaus merged her credit file with that of another consumer. The person with whom plaintiff's credit file was mixed was Larquette Green.

3.    Defendant LVNV Funding, LLC ("LVNV") purchased two of Larquette's charged-off debts, one concerning a Sears credit card and one concerning a Wal-Mart credit card, and placed them for collection with defendants Redline Recovery Services, LLC ("Redline") and Resurgent Capital Services, LP ("Resurgent"), who dunned plaintiff for the debts.

4.    Redline and Resurgent continued to dun plaintiff for the alleged debts, including pulling credit reports and making autodialed calls to plaintiff's cell phone, even after they had

1

actual knowledge of the mixed file situation. Plaintiff seeks actual, statutory, and punitive damages for these improper, illegal and otherwise unconscionable collection efforts.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over the FDCPA and FCRA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is also supplemental jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

6. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

7. Plaintiff is an individual who resides in this District.

8. Redline Recovery Services, LLC, is a debt collection agency with its headquarters in Alpharetta, Georgia.

9. Resurgent Capital Services, LP, is a debt collection agency and/or debt buyer. LVNV Funding, LLC is also a debt collection agency and/or debt buyer, and is related to Resurgent. Upon information and belief, both Resurgent and LVNV are subsidiaries of Sherman Financial Group, LLC.

**FACTS**

10. Plaintiff's credit file has been mis-merged with that of another consumer, in this case, a person from Milwaukee named Larquette Green ("Larquette"). See *Apodaca v. Discover Financial Services*, 417 F.Supp.2d 1220 (D.N.M. 2006).

**Facts Relating to Redline Recovery Services, LLC and LVNV Funding, LLC**

11. Upon information and belief, Larquette opened a Wal-Mart credit account with GE Money Bank, and that account became associated with plaintiff's credit file.

12. That account was apparently eventually sold after charge-off to LVNV, and LVNV sent Larquette's Wal-Mart card to collections with Redline in 2009. On May 15, 2009, Redline accessed plaintiff's credit report from Experian in association with collection of Larquette's Wal-Mart card.

13. Upon information and belief, based upon Experian's duty pursuant to 15 U.S.C. §1681c-1, Experian provided Redline with notice of the fraud alert in plaintiff's credit file. Similarly, upon information and belief, Experian provided Redline with a notice that the address Redline used was different from the address in the credit report, pursuant to section 1681c(h)((1).

14. Furthermore, Brianna spoke with a representative of Redline on the telephone and told the representative about the situation with Larquette Green.

15. Based upon the information in the credit report and from plaintiff, Redline and LVNV should have known that Brianna was not the debtor. Upon information and belief, based upon the practice of the collection industry, LVNV was at all times in control of information

concerning the underlying debt, and could have contacted the original creditor to determine the validity of Brianna's assertions.

16. Despite this, Redline, at the direction of LVNV, continued to contact Brianna. Redline should have had procedures in place pursuant to section 1681c-1(d).

**Facts Relating to Resurgent Capital Services, LP and LVNV Funding, LLC**

17. At some point, Larquette also opened a Sears-branded credit card. After the card remained delinquent, it was charged off and was also sold to LVNV Funding, LLC.

18. Plaintiff notified Resurgent on the telephone that it was collecting an alleged Sears account from the wrong person in early 2009.

19. Upon information and belief, the Sears account was Larquette's, as well. Despite actual knowledge of this fact, Resurgent continued to attempt to collect the alleged debt.

20. Indeed, Resurgent accessed plaintiff's credit report on or about October 14, 2009, ostensibly to see whether plaintiff was telling the truth about the account not being hers.

21. However, "checking to see if a consumer is lying about a debt not being hers" is not a permissible purpose for obtaining a consumer's credit report pursuant to 15 U.S.C. §1681b.

**COUNT I – TCPA**

22. Plaintiff incorporates all paragraphs of this Complaint. This Count is against all defendants.

23. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones. 47 U.S.C. §227(b)(A)(iii).

4

24. Defendants, or persons on their behalf, called plaintiff on her cell phone within four years of the filing of this complaint. Upon information and belief, based upon the general collection practices of the industry and defendant, defendant used equipment and means proscribed by the TCPA to make such calls.

25. Defendants' violations were negligent. Alternatively and additionally, defendant's violations were willful.

26. Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to defendants' calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against each defendant for:

(a) Statutory damages of $500 per violation, or up to $1500 per violation if such violation is found to have been willful;

(b) A declaration that some or all of defendants' calls to plaintiff violated the TCPA;

(c) An injunction against defendants making calls prohibited by the TCPA to plaintiff;

(d) Costs of suit; and

(b) Any other relief the court finds proper.

## COUNT II – FDCPA

27. Plaintiff incorporates all previous paragraphs of this complaint. This Count is against each defendant.

28. Dunning a non-debtor violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f. A debt-buyer that is subject to the FDCPA such as LVNV also violates the FDCPA if it authorizes such continued efforts. LVNV did this even though it should have ordered that the efforts stop, and therefore violated the FDCPA.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against each defendant for:

    (a) Statutory, actual and punitive damages;

    (b) Attorney's fees and costs of suit; and

    (c) Any other relief the Court finds proper.

### COUNT III - Invasion of Privacy

29. Plaintiff incorporates all previous paragraphs of this complaint.

30. Defendant's calls and contacts to plaintiff were an intentional and unreasonable intrusion upon plaintiff's seclusion.

31. Defendant also otherwise invaded plaintiff's privacy.

32. Plaintiff has suffered damages as a result of this invasion of privacy.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    (a) Statutory, actual and punitive damages;

    (b) Attorney's fees and costs of suit; and

    (c) Any other relief the Court finds proper.

**COUNT IV - Fair Credit Reporting Act**

33. Plaintiff incorporates all previous paragraphs of this complaint. This Count is against Resurgent and LVNV.

34. Resurgent, at the direction and control of LVNV, accessed plaintiff's credit report within two years of the filing of this complaint when it did not have a permissible purpose to do so.

35. This access was either negligent or willful.

36. Plaintiff was damaged by this violation.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendants for:

    (a) Statutory, actual and punitive damages;

    (b) Attorney's fees and costs of suit; and

    (c) Any other relief the Court finds proper.

    Respectfully submitted,

    /s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff, Larquette Green, the account being collected and any other matters related to the facts alleged in the complaint. These materials are very likely relevant to the litigation of this case. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant make written demand of such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Alexander H. Burke