## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIANNA GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-2756 |
| | ) | |
| REDLINE RECOVERY SERVICE LLC, | ) | Judge: Gettleman |
| RESURGENT CAPITAL SERVICES, LP, AND | ) | |
| LVNV FUNDING, LLC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER TO AMENDED COMPLAINT

Defendants, RESURGENT CAPITAL SERVICES, LP ("RESUREGENT") and LVNV

FUNDING LLC ("LVNV"), by and through their attorneys, David M. Schultz and Nabil G.

Foster with Hinshaw & Culbertson LLP, and for their Answers to Plaintiff's Amended

Complaint, state the following:

1.     Plaintiff Brianna Greene brings this action to secure redress for violation of the
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone
Consumer Protection Act, 47 U.S.C. § 227 et seq., including implementing regulations and
applicable FCC orders ("TCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.
("FCRA") and common law invasion of privacy.

**ANSWER:      RESURGENT and LVNV admit the plaintiff has filed this suit seeking**

**relief under the FDCPA, the TCPA and the FCRA, but deny that plaintiff has stated any**

**valid claim or that plaintiff is entitled to any relief.**

2.     Plaintiff is the victim of a mixed credit file, which means that the credit bureaus
merged her credit file with that of another consumer.  The person with whom plaintiff's credit
file was mixed was Larquette Green.

**ANSWER:      RESURGENT and LVNV lack knowledge or information sufficient to**

**form a belief regarding the truth of the allegations in this paragraph.**

3.      Defendant LVNV Funding, LLC ("LVNV") purchased two of Larquette's charged-off debts, one concerning a Sears credit card and one concerning a Wal-Mart credit card, and placed them for collection with defendants Redline Recovery Services, LLC ("Redline") and Resurgent Capital Services, LP ("Resurgent"), who dunned plaintiff for the debts.

**ANSWER:     LVNV admits that it purchased a debt associated with the name Larquette Greene.  LVNV  lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.  RESURGENT admits that an account owned by LVNV associated with the name Larquette Greene was sent to Redline for collection work.   RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

4.      Redline and Resurgent continued to dun plaintiff for the alleged debts, including pulling credit reports and making autodialed calls to plaintiff's cell phone, even after they had actual knowledge of the mixed file situation.  Plaintiff seeks actual, statutory, and punitive damages for these improper, illegal and otherwise unconscionable collection efforts.

**ANSWER:      RESURGENT admits that Redline attempted to collect a debt from Plaintiff. RESURGENT and LVNV admit that the plaintiff's lawsuit seeks actual, statutory, and punitive damages, but deny that Plaintiff is entitled to such relief. RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.  LVNV  lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction over the FDCPA and FCRA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.  The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims.  *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446 (7th Cir. 2005).  There is also supplemental jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

6583797v1 913940 59550

**ANSWER:    RESURGENT and LVNV admit that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1692, but denies that Plaintiff has any such claim herein.  RESURGENT and LVNV deny this Court has supplemental jurisdiction in this case.**

6.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER:    RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

<u>**PARTIES**</u>

7.      Plaintiff is an individual who resides in this District.

**ANSWER:    RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

8.      Redline Recovery Services, LLC, is a debt collection agency with its headquarters in Alpharetta, Georgia.

**ANSWER:    RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

9.      Resurgent Capital Services, LP, is a debt collection agency and/or debt buyer. LVNV Funding, LLC is also a debt collection agency and/or debt buyer, and is related to Resurgent.  Upon information and belief, both Resurgent and LVNV are subsidiaries of Sherman Financial Group, LLC.

**ANSWER:    RESURGENT admits that in certain cases Resurgent acts as a debt collector as defined by the FDCPA.  RESURGENT admits that it is related to LVNV. RESURGENT denies that it is a subsidiary of Sherman Financial Group, LLC. RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.  LVNV admits that it purchases debts. LVNV admits that it is related to RESURGENT.  LVNV denies it is a subsidiary of**

3

**Sherman Financial Group, LLC.  LVNV lacks knowledge or information sufficient to form**

**a belief regarding the truth of the remaining allegations in this paragraph.**

## FACTS

10.     Plaintiff 's credit file has been mis-merged with that of another consumer, in this case, a person from Milwaukee named Larquette Green ("Larquette").  *See Apodaca v. Discover Financial Services*, 417 F.Supp.2d 1220 (D.N.M. 2006).

**ANSWER:     RESURGENT and LVNV lack knowledge or information sufficient to**

**form a belief regarding the truth of the allegations in this paragraph.**

### Facts Relating to Redline Recovery Services, LLC and LVNV Funding. LLC

11.     Upon information and belief, Larquette opened a Wal-Mart credit account with GE Money Bank, and that account became associated with plaintiff's credit file.

**ANSWER:     RESURGENT and LVNV lack knowledge or information sufficient to**

**form a belief regarding the truth of the allegations in this paragraph.**

12.     That account was apparently eventually sold after charge-off to LVNV, and LVNV sent Larquette's Wal-Mart card to collections with Redline in 2009.  On May 15, 2009, Redline accessed plaintiff's credit report from Experian in association with collection of Larquette's Wal-Mart card.

**ANSWER:     LVNV admits it purchased a debt associated with the name Larquette**

**Greene.  LVNV lacks knowledge or information sufficient to form a belief regarding the**

**truth of the remaining allegations in this paragraph.  RESURGENT admits an account**

**associated with the name Larquette Green was assigned to Redline for collection work in**

**2009.  RESURGENT lacks knowledge or information sufficient to form a belief regarding**

**the truth of the remaining allegations in this paragraph.**

13.     Upon information and belief, based upon Experian's duty pursuant to 15 U.S.C. §1681c-1, Experian provided Redline with notice of the fraud alert in plaintiff's credit file. Similarly, upon information and belief, Experian provided Redline with a notice that the address Redline used was different from the address in the credit report, pursuant to section 1681c(h)((1).

6583797v1  913940  59550

**ANSWER:     RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

14.     Furthermore, Brianna spoke with a representative of Redline on the telephone and told the representative about the situation with Larquette Green.

**ANSWER:     RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15.     Based upon the information in the credit report and from plaintiff, Redline and LVNV should have known that Brianna was not the debtor.  Upon information and belief, based upon the practice of the collection industry, LVNV was at all times in control of information concerning the underlying debt, and could have contacted the original creditor to determine the validity of Brianna's assertions.

**ANSWER:     RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16.     Despite this, Redline, at the direction of LVNV, continued to contact Brianna. Redline should have had procedures in place pursuant to section 1681c-1(d).

**ANSWER:     LVNV denies the allegations of this paragraph.  RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

**Facts Relating to Resurgent Capital Services, LP and LVNV Funding, LLC**

17.     At some point, Larquette also opened a Sears-branded credit card.  After the card remained delinquent, it was charged off and was also sold to LVNV Funding, LLC.

**ANSWER:     LVNV admits it purchased a debt associated with the name Larquette Greene.  LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.  RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

18.     Plaintiff notified Resurgent on the telephone that it was collecting an alleged Sears account from the wrong person in early 2009.

6583797v1 913940 59550

**ANSWER:   RESURGENT admits that a person who identified herself as BRIANNA GREENE contacted RESURGENT in October 2009 and advised that her identity was stolen.   RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.   LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

19.     Upon information and belief, the Sears account was Larquette's, as well.  Despite actual knowledge of this fact, Resurgent continued to attempt to collect the alleged debt.

**ANSWER:   RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

20.     Indeed, Resurgent accessed plaintiff's credit report on or about October 14, 2009, ostensibly to see whether plaintiff was telling the truth about the account not being hers.

**ANSWER:   RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

21.     However, "checking to see if a consumer is lying about a debt not being hers" is not a permissible purpose for obtaining a consumer's credit report pursuant to 15 U.S.C. §1681b.

**ANSWER:   RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

### COUNT I — TCPA

22.     Plaintiff incorporates all paragraphs of this Complaint.  This Count is against all defendants.

**ANSWER:   RESURGENT incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count I.   LVNV incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count I.**

6583797v1 913940 59550

23.     The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones. 47 U.S.C. §227(b)(A)(iii).

**ANSWER:     RESURGENT and LVNV admit that this paragraph attempts to summarize the law but deny that this paragraph accurately states the law.**

24.     Defendants, or persons on their behalf, called plaintiff on her cell phone within four years of the filing of this complaint.  Upon information and belief, based upon the general collection practices of the industry and defendant, defendant used equipment and means proscribed by the TCPA to make such calls.

**ANSWER:     RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

25.     Defendants' violations were negligent.  Alternatively and additionally, defendant's violations were willful.

**ANSWER:     RESURGENT and LVNV deny the allegations of this paragraph.**

26.     Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to defendants' calling of her cell phone using an automatic dialing system and/or artificial or prerecorded voice message adjudicated.

**ANSWER:     RESURGENT and LVNV deny the allegations of this paragraph.**

## COUNT II — FDCPA

27.     Plaintiff incorporates all previous paragraphs of this complaint.  This Count is against each defendant.

**ANSWER:     RESURGENT incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count II.  LVNV incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count II.**

28.     Dunning a non-debtor violates the FDCPA, including 15 U.S.C. §§ 1692c(a); 1692d; 1692d(5); 1692e; 1692e(10); and 1692f.  A debt-buyer that is subject to the FDCPA such as LVNV also violates the FDCPA if it authorizes such continued efforts.  LVNV did this even though it should have ordered that the efforts stop, and therefore violated the FDCPA.

**ANSWER:   RESURGENT and LVNV admit that this paragraph attempts to summarize the law but deny that this paragraph accurately states the law.  LVNV denies the remaining allegations of this paragraph.   RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

### COUNT III - INVASION OF PRIVACY

29.     Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:   RESURGENT incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count III.  LVNV incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count III.**

30.     Defendant's calls and contacts to plaintiff were an intentional and unreasonable intrusion upon plaintiff's seclusion.

**ANSWER:   RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

31.     Defendant also otherwise invaded plaintiff's privacy.

**ANSWER:   RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

32.     Plaintiff has suffered damages as a result of this invasion of privacy.

**ANSWER:   RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

### COUNT IV - FAIR CREDIT REPORTING ACT

33.     Plaintiff incorporates all previous paragraphs of this complaint.  This Count is against Resurgent and LVNV.

6583797v1 913940 59550

**ANSWER:**   **RESURGENT incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count IV.   LVNV incorporates its responses to all paragraphs of this complaint as its responses to those same incorporated paragraphs of Count IV.**

34.     Resurgent, at the direction and control of LVNV, accessed plaintiff's credit report within two years of the filing of this complaint when it did not have a permissible purpose to do so.

**ANSWER:**   **RESURGENT and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

35.     This access was either negligent or willful.

**ANSWER:**   **RESURGENT and LVNV deny the allegations of this paragraph.**

36.     Plaintiff was damaged by this violation.

**ANSWER:**   **RESURGENT and LVNV deny the allegations of this paragraph.**


## AFFIRMATIVE DEFENSES

Defendants RESURGENT CAPITAL SERVICES, LP ("RESUREGENT") and LVNV FUNDING LLC ("LVNV") by and through its undersigned counsel, and for their Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

a.     Defendant RESURGENT affirmatively states that it maintains reasonable training procedures for all employees who participate in any collection activity or communication. Any communication or conduct which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense pursuant to 15 U.S.C. 1692(k)(c).

b.     If LVNV is found to be vicariously responsible for the alleged conduct of any other defendant, LVNV is entitled to rely upon the *bona fide error* defenses available to that other defendant as its own affirmative defense. Any communication or conduct which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense pursuant to 15 U.S.C. 1692(k)(c).

9

      c.      If LVNV is found to be vicariously responsible for the alleged conduct of any other defendant, Defendant LVNV states that it maintains reasonable policies to avoid errors of the character and type alleged in this action. Any communication or conduct which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense pursuant to 15 U.S.C. 1692(k)(c).

WHEREFORE, RESURGENT CAPITAL SERVICES, LP and LVNV FUNDING LLC pray that Plaintiff's Amended Complaint be dismissed with prejudice, for their attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

Date: July 30, 2010

By:    /s/ Nabil G. Foster

        One of the Attorneys for Defendants

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
               nfoster@hinshawlaw.com

6583797v1 913940 59550

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **ANSWERS TO COMPLAINT AND AFFIRMATIVE DEFENSES** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 30th day of July 2010.

| | | |
|---|---|---|
| _X_ | CM/ECF | |
| ___ | Facsimile | |
| ___ | Federal Express | |
| ___ | Mail | |
| ___ | Messenger | |

*Attorneys for Plaintiff(s)*
Alexander Holmes Burke
Burke Law Offices LLC
155 N. Michigan Ave. Suite 9020
Chicago, IL 60601
Phone No:  (312) 729-5288
Fax: (312) 729-5289
E-mail Address: aburke@burkelawllc.com


s/ Nabil G. Foster
One of the Attorneys for Defendants

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                      nfoster@hinshawlaw.com

6583797v1  913940  59550