**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIANNA GREENE,<br>    Plaintiff,<br><br>    v.<br><br>REDLINE RECOVERY SERVICES, LLC,<br>RESURGENT CAPITAL SERVICES, LP, AND<br>LVNV FUNDING, LLC,<br>    Defendant. | )<br>)   1:10-cv-2756<br>)<br>)   Judge Gettleman<br>)<br>)   Magistrate Judge Cox<br>)<br>)<br>)   JURY DEMANDED |

**PARTIES' PLANNING REPORT**

A. The date and time this matter is set for a status report before the Court.

    August 19, 2010, at 9:00am.

B. The attorneys of record for each party, indicating which attorney is expected

to try the case.

    Alexander H. Burke for plaintiff

    Nabil Foster and David Schultz for all defendants

C. The basis of federal jurisdiction.

    This Court has federal question jurisdiction for the FDCPA, FCRA and the TCPA claims,

and supplemental jurisdiction over the state law invasion of privacy claims.

D. Whether a jury has been requested and by which party.

    Plaintiff has requested a jury trial.

E. The nature of the claims asserted in the complaint and any counterclaim,

including a brief statement of the factual context of the case, along with a description of

any affirmative defenses.

1

Plaintiff claims that the defendants continued collection efforts after they knew or should have known that the accounts placed with defendants were the result of identity theft. Defendants deny all the allegations of wrongdoing.  If a violation of the FDCPA did occur it was inadvertent notwithstanding reasonable procedures intended to avoid such an error, pursuant to 15 U.S.C. § 1692k(c).

F. The relief sought by any party, including computation of damages, if available.

Plaintiff seeks statutory damages.

G. The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

All parties have been served.

H. The principal legal issues (including the citation to any key legal authority related to such issue).

Whether the defendant violated the FDCPA or the TCPA, and whether it is entitled to the bona fide error defense.

I. The principal factual issues, including the parties' respective positions on those issues.

How many calls defendants made to plaintiff's cellular telephone using an autodialer or prerecorded message, and whether defendants knew or should have known that the accounts they were collecting were the result of identity theft.

J. A brief description of all anticipated motions.

The parties expect that this case will settle once some preliminary discovery has been conducted.

K. A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.

Plaintiff requires defendants' call records in order to make a settlement demand. The parties expect that the case will settle once this happens. The call records for Redline Recovery have already been provided to Plaintiff's counsel. It appears that the other defendants made no calls to Plaintiff.

L. The earliest date the parties would be ready for trial and the probable length of trial.

Trial would likely be three days, and the parties could be ready in March 2011.

M. The status of any settlement discussions and whether a settlement conference would be appropriate. In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADR), and to briefly set forth the results of such consideration and discussion. For Lanham Act cases, the parties must comply fully with Local General Rule 16.3.

Plaintiff requires defendants' call records in order to make a settlement demand. The parties expect that the case will settle once this happens.

N. Whether the parties will consent to trial before a magistrate judge.

The parties do not unanimously consent to trial before the magistrate judge.

Respectfully submitted,

| | |
|---|---|
| /s/Alexander H. Burke <br> Counsel for plaintiff <br><br> **BURKE LAW OFFICES, LLC** <br><br> 155 N. Michigan Ave., Suite 9020 <br> Chicago, IL 60601 <br> (312) 729-5288 <br> (312) 729-5289 (fax) <br> ABurke@BurkeLawLLC.com | /s/Nabil G. Foster <br> Counsel for All Defendants <br><br> Hinshaw & Culbertson LLP <br> 222 North LaSalle Street, Suite 300 <br> Chicago, IL 60601 <br> (312)704-3262 <br> (312)704-3001 (fax) <br> nfoster@hinshawlaw.com |